UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| RALPH FISHER,<br>        Plaintiff,<br><br>    v.<br><br>ASBESTOS CORPORATION<br>LIMITED, et al.,<br>        Defendants. | Case No. 2:14-cv-02338-WGY-(FFMx)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR REMAND [ECF NO. 30]<br><br> cc: order, docket, remand letter<br> to LASC, Case No. BC529644 |

YOUNG, D.J.[1]                                    July 30, 2014

## I.    INTRODUCTION

The plaintiff, Ralph Fisher ("Fisher"), brings this action
for personal injury, allegedly caused by exposure to asbestos
and asbestos-containing products, against more than two dozen
corporate defendants and their alternate entities conducting
business in the State of California. See Notice Removal 10-64,
Ex. 1, First Am. Compl. Personal Injury - Asbestos ("Compl."),
ECF No. 1. Although this case was initially filed in Los Angeles
County Superior Court, the defendant, Crane Co. ("Crane"), has
removed the action to federal court pursuant to 28 U.S.C. §
1442(a)(1), the federal officer removal statute. Notice Removal
3. Currently before this Court is Fisher's motion to remand. See

---

[1] Of the District of Massachusetts, sitting by designation.
See Order Chief Judge 14-005, ECF No. 85.

1

Notice Mot. & Mot. Remand Case Los Angeles County Superior Ct.; Mem. Points & Authorities ("Fisher Mot. Remand"), ECF No. 30.

### A.   Fisher's Complaint

Fisher's complaint, like many asbestos personal injury complaints, levels a large number of allegations at a largely undifferentiated mass of defendants. Two of the complaint's seven causes of action implicate Crane. The first cause of action is a negligence claim against at least two dozen alleged manufacturers or suppliers of asbestos-containing products, including Crane.[2] See Compl. ¶¶ 1-20. The second cause of action is a strict products liability claim against the same defendants. See id. ¶¶ 21-32. Fisher alleges that he was exposed to asbestos at a number of locations, primarily sites where he worked as an heating, ventilation, and air conditioning ("HVAC") mechanic throughout his career. See Notice Removal 65-70. These locations include both federal enclaves around military installations as well as private commercial job sites during periods of Fisher's civilian employment. Id. at 66-69. Fisher also alleges non-occupational exposure from performing car repairs and para-occupational exposure from living with his stepfather, who worked for the U.S. Air Force. Id. at 69-70. The complaint does not specify which defendants are allegedly liable

---

[2] Crane is also included in a subset of these defendants from which Fisher expressly seeks punitive damages. Compl. ¶ 20.

2

for which exposures, except for a statement that Fisher's "claims against defendants CBS CORPORATION . . . and FOSTER WHEELER LLC . . . exclude plaintiff's asbestos exposure at military and federal government jobsites or from U.S. Military vessels, aircraft or equipment." Compl. ¶ 6 (emphasis added).

**B.   Procedural Background**

On March 27, 2014, Crane removed this action to federal court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Notice Removal 3. Although Crane noted that "the Complaint does not contain specific allegations regarding Mr. Fisher's exposure to Crane Co. products," its notice of removal focused on Fisher's alleged exposure to asbestos through his work on U.S. Naval vessels, anticipating that these specific allegations would be the basis of Fisher's claims against Crane. Id. Crane argues that because it "was acting under the direction of the Navy . . . in the design, manufacture, and sale of its valves for and to the Navy," it is entitled to defend itself in federal court as a government contractor.  Id.

Within days of Crane's removal, however, Fisher filed with this Court a notice addressed to all defendants stating that "there are no allegations in this matter that plaintiff was exposed to asbestos from CRANE CO. products on U.S. Naval vessels or at U.S. government jobsites." Notice Pl. Has Not Brought Action Against Crane Co. Any Acts Done Direction Fed.

3

Officer; Pl.'s Waiver Claims Against Def. Crane Co. ("Fisher Waiver") 2, ECF No. 4. The notice added: "Plaintiff hereby waives any claims against defendant CRANE CO. relating to or arising out of plaintiff's asbestos exposure at military and federal government jobsites or from U.S. military vessels or equipment." Id. Fisher argues in its motion to remand that Crane is not entitled to remove to a federal forum because none of the claims against Crane are based on actions it took in its capacity as a government contractor. Fisher Mot. Remand 1. According to Fisher, his notice was intended to clarify and reiterate that his claims against Crane are based on alleged exposure to asbestos during his civilian employment. Id.

## II.  ANALYSIS

### A.  Legal Standard

As a general matter, a civil action is removable from state court only if the action could originally have been brought in federal district court at the time of suit. See 28 U.S.C. § 1441(a). When issues of federal law appear on the face of a plaintiff's well-pleaded complaint, the case falls under a federal district court's federal question jurisdiction and may be removed on that basis. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

4

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A
corollary to the rule is that a defendant typically may not
remove an action on the basis of "an anticipated or actual
federal defense" to the plaintiff's state law claims. Jefferson
Cnty., Ala. v. Acker, 527 U.S. 423, 431 (1999).

These rules do not apply, however, when a case is removed
under the federal officer removal statute. "[S]uits against
federal officers may be removed despite the nonfederal cast of
the complaint; the federal-question element is met if the
defense depends on federal law." Acker, 527 U.S. at 431. This
requires the defendant to "show that (1) it is a 'person' within
the meaning of the statute, (2) a causal nexus exists between
plaintiffs' claims and the actions [the defendant] took pursuant
to a federal officer's direction, and (3) it has a 'colorable'
federal defense to plaintiffs' claims." Leite v. Crane Co., 749
F.3d 1117, 1120 (9th Cir. 2014) (citing Durham v. Lockheed
Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)).

The federal officer removal statute may be invoked by "any
person acting under" an officer of the United States, 28 U.S.C.
§ 1442(a)(1), including government contractors charged with
potential liability for design defects in military equipment.
Under the so-called "government contractor defense," such
defendants cannot be liable under state law "when (1) the United
States approved reasonably precise specifications; (2) the

equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). This is the federal defense Crane relies on to justify its removal.

The Court reviews Fisher's motion to remand under the same standard of review as a Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. See Leite, 749 F.3d at 1122 (holding that a motion to remand is "the functional equivalent" of a Rule 12(b)(1) motion to dismiss). When, as here, the plaintiff has "raised a factual attack by contesting the truth of [the removing defendant's] allegations regarding the existence of a colorable federal defense and the requisite causal nexus," the defendant "bears the burden of proving by a preponderance of the evidence that the . . . requirements for removal jurisdiction have been met." Id. (citations omitted). "The question of whether [Fisher has] effectively disclaimed any federal claims is controlled by federal law." In re Asbestos Prods. Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (citing Mesa v. California, 489 U.S. 121 (1989)).

**B.    Proof of a Causal Nexus**

The key issue presented by this motion to remand is whether

Crane is able to prove a causal nexus between Fisher's claims

and Crane's work in its capacity as a Navy contractor. Fisher

has stated that his claims against Crane are unrelated to any

exposure Fisher sustained at military or government work sites.

Fisher Waiver 1. To the extent that claims related to such work

do exist, he has waived them. See id. at 2.

If the Court accepts Fisher's statement, then remand

clearly is appropriate, because Crane cannot prove a causal

nexus between its government contracts and Fisher's claims of

exposure at civilian work sites. Crane's actions pursuant to its

government contracts presumably have no connection to Fisher's

exposure to asbestos in civilian work environments. To deny

remand of this case would affirm Crane's right to assert a

defense against a claim that does not exist, an absurd result.

In a number of cases presenting substantially the same facts,

courts have credited similar waivers and remanded the issues to

state court, and this Court follows their approach. See, e.g.,

Lara v. CBS Corp., No. CV 13-5569 ABC (MANx), 2013 WL 4807168,

at *2 (C.D. Cal. Sept. 6, 2013) (Collins, J.) ("The form of

plaintiffs' post-removal waiver does not undercut its

effectiveness.") (citations omitted); Lockwood v. Crane Co., No.

2:12-cv-01473-JHN-CW, 2012 WL 1425157, at *2 (C.D. Cal. Apr. 25,

2012) (Nguyen, J.) ("[T]he Court agrees with the several

district courts that have found virtually identical waivers in virtually identical situations sufficient to justify remand.") (citations omitted); Pratt v. Asbestos Corp. Ltd., No. C-11-3505 EMC, 2011 WL 4433724, at *1 (N.D. Cal. Sept. 22, 2011) ("Because Plaintiff no longer asserts any claims against which [the Defendant] could raise the federal officer defense, this Court no longer has jurisdiction."); Westbrook v. Asbestos Defs. (BHC), No. C-01-1661 VRW, 2001 WL 902642, at *2-3 (N.D. Cal. July 31, 2001) ("If plaintiffs' claims arise only from work done on private ships, not under the direction of any federal officers, [the] military contractor defense is unavailable. . . . The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand."); see also Overly v. Raybestos-Manhattan, No. C-96-2853 SI, 1996 WL 532150, at *3 (N.D. Cal. Sept. 9, 1996) (crediting the plaintiffs' waiver of "all potential claims related to design defects" and remanding).

Further, the Court distinguishes this case from other asbestos injury cases in which plaintiff disclaimers were not enough to prevent removal. In some of these cases, plaintiffs' waivers were inadequate because they were not sufficiently comprehensive. See, e.g., Reaser v. Allis Chambers Corp., No. CV 08-1296-SVW (SSx), 2008 WL 8911521, at *6 (C.D. Cal. June 23,

8

2008) (Wilson, J.) (rejecting a disclaimer which waived claims related to exposure in federal enclaves but maintained claims related to exposure aboard naval vessels); see also Lockwood, 2012 WL 1425157, at *2 (collecting cases as "inapposite because they addressed narrower waivers").

In other cases, plaintiffs' waivers were inadequate because their complaints contained only factual allegations of defendants' actions directed by the federal government. For example, Crane has drawn the Court's attention to McMann v. Air & Liquid Sys. Corp., No. 2:14-cv-00281-RSM, 2014 WL 1794694 (W.D. Wash. May 6, 2014), in which the district court denied a motion to remand despite the plaintiffs' "disclaimer of any claims subject to a government contractor defense." Id. at *1. This result is distinguishable from the case at bar for two reasons. First, the scope of factual allegations in that case exclusively concerned the plaintiff's work aboard naval vessels. When the only allegations made against a defendant concern its work for the federal government, that defendant is entitled to raise a government contractor defense in a federal forum. Denial of that right would negate the essential purpose of the federal officer removal statute and its related jurisprudence. See In re Asbestos (No. VI), 770 F. Supp. 2d at 742 (ruling that where "the only claims alleged against Defendant arise[] from exposure on U.S. Naval ships at U.S. Naval shipyards," "recognizing [the

Plaintiff's] disclaimer would deprive the federal officer of the right to have the adequacy of the threshold determination"). Second, the plaintiffs' waiver in McMann appears not to have been a disclaimer of factual allegations which would implicate a federal defense, as much as it was a technical legal disclaimer designed to sidestep section 1442. See McMann, 2014 WL 1794694, at *1. This is the kind of "artful pleading" which no court is inclined to treat favorably. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981) ("[C]ourts will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum.") (internal quotation marks and citation omitted).

The case at bar is unlike Reaser and McMann, and it is like Lara, Lockwood, Pratt, and other asbestos personal injury cases in which a plaintiff's waiver of claims justified remand to state court. The complaint contains distinct allegations of asbestos exposure at government and at civilian work sites, and Fisher has made a clear statement that his claims against Crane in this case are directed only at exposures sustained at civilian work sites. If Fisher attempts to litigate otherwise in state court, Crane is free to remove again to this Court.

Crane argues in its opposition to remand that Fisher's waiver is ineffective because it is obvious that the only claims he could have against Crane relate to its government work. See

10

Crane Co.'s Opp'n Pl.'s Mot. Remand Case Los Angeles County Superior Ct. ("Crane Opp'n") 10, ECF No. 72 ("[T]he only plausible claims as to Crane Co. appear to relate to Plaintiff's allegations at Navy worksites."). The Court reads far more ambiguity in Fisher's claims, which comprise allegations covering a wide range of exposure incidents and broadly directed at many defendants. On the face of the complaint, there is no way to tell which alleged exposures are imputed to which defendants. It is equally plausible to say that Fisher's claims against Crane relate to his government employment as it is to say that the claims relate to his civilian employment. Fisher's subsequent notice clarifies this ambiguity and reassures the Court that he seeks to hold Crane liable only for the role it played in exposing him to asbestos at civilian work sites.

If Crane is correct in asserting that "there is no discernible connection between Crane Co. products and Plaintiff's allegations regarding his work as an HVAC repairman at various commercial sites," id., then Crane ought have little difficulty convincing a state court to dismiss it from this action. Whether such a dismissal is appropriate is not for this Court to decide. It is enough to observe that Fisher's complaint and his notice clarifying the meaning of his allegations are not in tension, making remand appropriate.

**C.    Effectiveness of Post-Removal Waiver**

11

Crane also makes a procedural argument against crediting Fisher's waiver. Crane posits that because removal was proper at the time it was made, this Court's jurisdiction cannot be divested by a post-removal event such as the filing of a clarifying notice. See Crane Opp'n 13-15. This is simply not the case. When federal question jurisdiction is the only basis for a district court's authority to adjudicate, post-removal developments may cause remand not only to be proper, but even to be required. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added); International Primate Protection League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89 (1991) (noting the non-discretionary nature of this statutory language); see also Fent v. Okla. Water Res. Bd., 235 F.3d 553 (10th Cir. 2000) (holding that "when . . . jurisdictional problems emerge after removal" of a properly removed case and subject matter jurisdiction no longer exists, 28 U.S.C. § 1447(c) requires remand), cited with approval in Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).

The cases cited by Crane in support of its position are largely inapposite, because they address other types of subject matter jurisdiction. This Court readily recognizes, for example, that when its jurisdiction is properly invoked under 28 U.S.C. §

12

1332, citing diversity of citizenship of the parties and an amount in controversy exceeding $75,000, such jurisdiction cannot be divested by post-removal changes to the identities of the parties or to the amount in controversy. See, e.g., Freeport-McMoran, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (affirming "the well-established rule that diversity of citizenship is assessed at the time the action is filed"); Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471 (9th Cir. 1997) ("A claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement. Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction.") (internal citations omitted) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938)).

But these propositions have no applicability to the jurisdictional issues presented by the case at bar. When the existence of a federal question is the sole basis for removal and that federal question later falls away, remand is appropriate. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006) ("Dismissal of the federal claim would thus, ordinarily, have authorized the district court to remand the pendent state law claims."). But see Sparta Surgical Corp. v. Nat'n Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th

13

Cir. 1998) (holding that "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based," where the plaintiffs sought relief "partially predicated on a subject matter committed exclusively to federal jurisdiction" and later amended its complaint to delete most references to federal violations).

## D.   York International Corporation's Joinder in Opposition to Fisher's Motion to Remand

York International Corporation ("York"), another defendant in this case, has joined Crane in opposing Fisher's motion to remand, incorporating all of Crane's authority and argument as its own. Joinder Def. York Int'l Corp. Opp'n Pl.'s Mot. Remand Case to Los Angeles County Superior Ct. 1-2, ECF No. 74. Fisher asks this Court to "summarily dismiss[]" York's action, on the grounds that it "failed to file its own notice of removal within the requisite 30 day period," and that "it is accordingly barred from removing this action to federal court." Pl.'s Reply Def. York Int'l Corp.'s Joinder Opp'n Mot. Remand 1, ECF No. 83.

Removal under the federal officer removal statute "represents an exception to the general rule . . . that all defendants must join in the removal petition." Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981). A federal officer is empowered by the statute to singlehandedly remove an entire action without other defendants

14

joining his petition. Id. In this case, Crane was not joined by any other co-defendants in asserting its right to remove as a federal officer. See Notice Removal 1. Because Crane's unilateral action is the sole subject of Fisher's motion to remand, only the question of Crane's entitlement to removal under 28 U.S.C. § 1442(a)(1) is before this Court.

The Court expresses no opinion on whether York has, on its own, a live or actionable right to federal officer removal, except to observe that because the burden of proof lies with the party seeking federal jurisdiction, York would need to demonstrate by a preponderance of the evidence that it satisfies the elements of the government contractor defense set out in Boyle. See Leite, 749 F.3d at 1122. Merely adopting Crane's legal arguments without factual evidence specific to York would not, in any event, be enough to secure removal.

## III. CONCLUSION

It is understandable, given the ambiguity of the complaint, that Crane sought removal of this action and anticipated raising a federal defense to Fisher's claims. But Fisher promptly has clarified that no claim exists against Crane that would warrant a federal defense. Other courts have ruled that such waivers and disclaimers are a sufficient basis on which to rule that federal jurisdiction does not lie, and this Court will do the same.

Accordingly, Fisher's Notice of Motion and Motion to Remand Case to Los Angeles County Superior Court, ECF No. 30, is GRANTED. The matter is hereby REMANDED to the Los Angeles County Superior Court.

**SO ORDERED.**

7/30/2014

WILLIAM G. YOUNG
DISTRICT JUDGE

16